IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

FREDRICK A. MOORE, JR., : Case No. 3:13-cv-147

    Plaintiff,

                                    District Judge Walter H. Rice
    vs. : Magistrate Judge Michael J. Newman

LABOR READY,

    Defendant. :

_____

### REPORT AND RECOMMENDATION[1]
_____

*Pro se* Plaintiff was granted leave to proceed *in forma pauperis*. Doc. 2. This matter is before the Court for a *sua sponte* review of his complaint (doc. 3) pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court may dismiss Plaintiff's complaint upon finding (1) his claims are frivolous or malicious; (2) he fails to state a claim upon which relief may be granted; or (3) he seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

A complaint should be dismissed as frivolous if it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A complaint has no arguable factual basis when its allegations are "fantastic or delusional"; and no arguable legal basis when it presents "indisputably meritless" legal theories -- for example, when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). While *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (2010) (applying the *Iqbal* and *Twombly* dismissal standards to § 1915(e)(2)(B)(ii)).

*Pro se* Plaintiff brings this action against his former employer, Defendant Labor Ready. *See* doc. 3. The entirety of his complaint reads as follows:

> On May 5th I, Fredrick A. Moore Jr. was fired or terminated, because of hyg[i]ene [] by one of Labor Ready's general managers or managers, was refused work assignments prior, and hours of work w[ere] cut from full time in the month of February, to 31 total hours for March and 26 hours total for the month of April, and refused work on a[n] unanimous position, or because of management's power of influence. The general manager also stated that he could put someone to work that drives rather than to work someone who does not have a ride, or car.

*Id.* at PageID 13 (capitalization and punctuation altered).

Plaintiff then requests the following relief:

> Option 1: I want to be rewarded damages for the months of March, April, May and given a promotion to shift manager.

> Option 2: Charge Labor Ready court cost[s], witness fees, and ($75,000.00) seventy-five thousand dollars and zero cents in fines punitive and one thousand dollars ($1,000.00) and zero cents in emotional damages.

*Id.* at PageID 14 (capitalization and punctuation altered).

2

A liberal reading of Plaintiff's *pro se* complaint reveals he seeks monetary damages and other relief on the grounds that he was unlawfully demoted and then terminated from his employment at Labor Ready for two reasons: (1) his hygiene; and (2) he does not have a car. *See id.* Plaintiff fails to state the legal basis for his claims, and the Court finds that these limited facts do not amount to an actionable employment discrimination claim. Title VII prohibits workplace discrimination only on the basis of race, color, religion, sex, or national origin -- none of which are alleged in Plaintiff's complaint. *See* 42 U.S.C. § 2000e-2(a)(1); *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004). Nor does Plaintiff suggest discrimination based on age in violation of the Age Discrimination Employment Act ("ADEA"), *see* 29 U.S.C. § 623(a)(1); *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 264 (6th Cir. 2010), or based on a disability in violation of the Americans with Disabilities Act (ADA). *See* 42 U.S.C. § 12112(a); *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702-04 (6th Cir. 2008). Thus, Plaintiff has failed to show that he is in a class of individuals protected under federal law from employment discrimination.

Conversely, any potential Title VII, ADEA or ADA claims fail because Plaintiff has not first exhausted his administrative remedies by: (1) filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"); and (2) receiving a notice of right to sue from the EEOC. *See Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486-88 (6th Cir. 1989) (holding that a right-to-sue letter is a prerequisite to filing a Title VII claim); *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998) (ADEA); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (ADA). Plaintiff here alleges he was "fired or terminated" on May 5 -- three days prior to filing his motion to file a complaint *in forma pauperis*. *See* doc. 3. A right to sue letter could not have been issued in such a short period of time, and none is attached for the Court's review.

Further, assuming, *arguendo*, that diversity jurisdiction possibly exists in this case,[2] Plaintiff has failed to state a basis for relief under state law as well. In the absence of an employment contract, Ohio employees may be terminated at any time and for any reason which is not contrary to law. *Gagne v. Nw. Nat'l Ins. Co.*, 881 F.2d 309, 316-17 (6th Cir. 1989) (citing *Phung v. Waste Mgmt., Inc.*, 491 N.E.2d 1114, 1116 (Ohio 1986)). Plaintiff here has failed to show how Labor Ready's alleged reasons for his termination -- hygiene and lack of car ownership -- are illegal.

In closing, as there is no suggestion that a legally protected interest was violated when Plaintiff was allegedly demoted and/or terminated from Labor Ready, Plaintiff's complaint is frivolous. Accordingly, Plaintiff's complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court therefore **RECOMMENDS** that: (1) Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**; and (2) this case be **CLOSED**.

May 17, 2013                                     s/ **Michael J. Newman**
                                                 United States Magistrate Judge

---

[2] Plaintiff does not establish the existence of diversity jurisdiction in his complaint. *See* doc. 3. Based on the Court's limited inquiry of Defendant Labor Ready, however, it appears it may be a citizen of the State of Washington, where its corporate headquarters are located. Plaintiff lists an Ohio address and is presumably a citizen of Ohio.

4

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).